JEFF SILVESTRI, ESQ. (NSBN 5779)
JEFF S. RIESENMY, ESQ. (NSBN 12855)
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada  89102
Telephone: 702.873.4100
Facsimile: 702.873.9966
jsilvestri@mcdonaldcarano.com
jriesenmy@mcdonaldcarano.com

*Attorneys for Richard Estalella*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN D. GARTNER, derivatively on behalf of MUSCLEPHARM CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BRAD PYATT, LAWRENCE S. MEER, DONALD W. PROSSER, RICHARD ESTALELLA, JEREMY R. DELUCA, MICHAEL J. DORON, CORY GREGORY, L. GARY DAVIS, JAMES J. GREENWELL, JOHN H. BLUHER, and DANIEL J. MCCLORY,<br><br>Defendants,<br><br>and<br><br>MUSCLEPHARM CORPORATION,<br><br>Nominal Defendant. | CASE NO.:  2:16-cv-00553<br><br><br>**DEFENDANT RICHARD ESTALELLA'S NOTICE OF REMOVAL TO FEDERAL COURT** |

TO:     THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Richard Estalella hereby removes this action from the District Court of the Eighth Judicial District in and for Clark County, Nevada to the United States District Court for the District of Nevada.[1]  Pursuant to 28 U.S.C. § 1332, Defendants state the grounds for removal are as follows:

---

[1]     This Notice of Removal is not intended to be, and shall not constitute, a waiver by Defendants of any defenses allowed under Rule 12(b) of the Federal Rules of Civil Procedure and Defendants maintain all Rule 12(b) defenses.

1      1.     Pursuant to 28 U.S.C. § 1332, diversity of citizenship exists:

2      a.     Complete diversity of citizenship exists as follows:

3      i.     According to Plaintiff's counsel, Plaintiff Gartner is an individual residing in Kentucky at all times relevant to this action, and thus is a citizen of the State of Kentucky.

ii.     Defendant Brad Pyatt is an individual residing in Colorado at all times relevant to this action, and thus is a citizen of the State of Colorado;

iii.     Defendant Lawrence S. Meer is an individual residing in Colorado at all times relevant to this action, and thus is a citizen of the State of Colorado;

iv.     Defendant Donald W. Prosser is an individual residing in Colorado at all times relevant to this action, and thus is a citizen of the State of Colorado;

v.     Defendant Richard Estalella is an individual residing in Colorado at all times relevant to this action, and thus is a citizen of the State of Colorado;

vi.     Defendant Jeremy R. DeLuca is an individual residing in Colorado at all times relevant to this action, and thus is a citizen of the State of Colorado;

vii.     Defendant Michael J. Doron is an individual residing in Colorado at all times relevant to this action, and thus is a citizen of the State of Colorado;

viii.     Defendant Cory Gregory is an individual residing in Colorado at all times relevant to this action, and thus is a citizen of the State of Colorado;

ix.     Defendant L. Gary Davis is an individual residing in Colorado at all times relevant to this action, and thus is a citizen of the State of Colorado;

x.     Defendant James J. Greenwell is an individual residing in Colorado at all times relevant to this action, and thus is a citizen of the State of Colorado;

xi.     Defendant John H. Bluher is an individual residing in Colorado at all times relevant to this action, and thus is a citizen of the State of Colorado;

xii.     Defendant Daniel J. McClory is an individual residing in Colorado at all times relevant to this action, and thus is a citizen of the State of Colorado;

xiii.    MusclePharm is incorporated in the State of Nevada and maintains its headquarters in the State of Colorado.  However, MusclePharm is named solely as a Nominal Defendant, and the presence of a nominal party may not defeat removal on diversity grounds.  *See Strotek Corp. v. Air Trans. Ass'n of Am.*, 300 F.3d 1129, 1132 (9th Cir. 2002); *see also Police Ret. Sys. Of St. Louis v. Ersek*, No. 14-CV-3404-WJM-CBS, 2015 WL 1880304, at *2 (D. Colo. Apr. 23, 2015) (finding that in derivative action for directors' breach of fiduciary duty, corporation was aligned with plaintiff's interest, and therefore, "forum defendant rule" was not implicated).

Thus, complete diversity exists between Plaintiff and the Individual Defendants.

b.    With respect to the amount in controversy requirement, The Complaint alleges claims on behalf of Plaintiff Gartner, and on behalf of Nominal Defendant MusclePharm, for breach of fiduciary duty against the various Individual Defendants.  Gartner alleges that the Individual Defendants have caused MusclePharm to incur civil penalties of $700,000, caused MusclePharm to understate its executive compensation benefits by approximately $482,000 from 2010 through July 2014; and caused MusclePharm to overstate its revenue by millions of dollars, among other monetary allegations.  The sum of the damages alleged by Plaintiff necessarily exceeds $75,000, exclusive of interest and costs. Plaintiff alleges that the Individual Defendants have caused MusclePharm to sustain "significant damages."  Although Plaintiff does not specify the exact amount of damages he seeks in this lawsuit, Plaintiff has alleged that Individual Defendants have caused MusclePharm to incur civil penalties of $700,000, caused MusclePharm to understate its executive compensation benefits by approximately $482,000 from 2010 through July 2014; and caused MusclePharm to overstate its revenue by millions of dollars, among other alleged monetary damages.  These allegations, if they could be proven, would far exceed the $75,000 amount-in-controversy threshold. ).  *See* Complaint, **Exhibit A**.

c.    Defendants Pyatt and Doron have consented to removal of this action.  28 U.S.C. § 1446(b).  Additionally, there is significant uncertainty as to whether these defendants have been properly served because Plaintiffs have failed to serve Musclepharm's registered agent as required under the director-consent statute.  *See* N.R.S. 75.160; *see also Advanced Vision Sols.,*

*Inc. v. Lehman*, No. 2:14-CV-01597-APG, 2015 WL 316951, at *2 (D. Nev. Jan. 26, 2015).  See copies of Affidavits of Service, **Exhibit B**.

        d.      As discussed above, the remaining Individual Defendants have not been properly served because they are no longer employed or affiliated with Musclepharm.  See Affidavits of Service, **Exhibit B**.

Accordingly, this Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

2.     This removal notice is timely.  Plaintiff served a copy of the complaint on Musclepharm's HR Department on behalf of Mr. Estalella on or about February 12, 2016. Copies of the Complaint and Affidavits of Service are attached hereto and marked respectively **Exhibits A** and **B.**  This Notice of Removal, being filed within 30 days of that date, is timely filed pursuant to 28 U.S.C. § 1446(b).

3.     Plaintiff filed the action on October 27, 2015; thus, one year has not elapsed from the date the action in state court commenced.

4.     Venue is proper in the unofficial Southern Division of this district pursuant to 28 U.S.C. § 1441(a) because this district embraces the place where the state court action is pending.

5.     Pursuant to 28 U.S.C. § 1446(a), a copy of the pleading filed in the state court action as of this date is attached hereto as follows: Complaint, **Exhibit A**; Affidavits of Service **Exhibit B**.

6.     Promptly after filing this Notice of Removal, Defendants will file a copy of it with the clerk of the state court in which this action is pending and will give written notice to the Plaintiff, as required by 28 U.S.C. § 1446(d).

7.     This Notice of Removal is executed and filed pursuant to Fed. R. Civ. P. 11.

. . .

. . .

. . .

. . .

WHEREFORE, the Individual Defendants remove the above-entitled action now pending in the Eighth Judicial District Court in and for the County of Clark, Nevada, Case No. A-15-726810-B, to the United States District Court for the District of Nevada.

RESPECTFULLY SUBMITTED this 11th day of March, 2016.

McDONALD CARANO WILSON LLP


By:  /s/ Jeff Silvestri
     JEFF SILVESTRI, ESQ. (#5779)
     JEFF S. RIESENMY, ESQ. (#12855)
     2300 West Sahara, Suite 1200
     Las Vegas, Nevada  89102

     *Attorneys for Richard Estalella*

**<u>CERTIFICATE OF SERVICE</u>**

      I HEREBY CERTIFY that I am an employee of McDonald Carano Wilson LLP, and that on the 11th day of March, 2016, a true and correct copy of the foregoing **DEFENDANT RICHARD ESTALELLA'S NOTICE OF REMOVAL TO FEDERAL COURT** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

                                /s/  *CaraMia Gerard*
                                An employee of McDonald Carano Wilson LLP