UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Brian D. Gartner,<br>    Plaintiff<br>v.<br>Brian Pyatt, et al.,<br>    Defendants | 2:16-cv-00553-JAD-CWH<br><br>**Order Denying Motion to Remand**<br>[ECF No. 9] |

Shareholder Brian D. Gartner, derivatively and on behalf of MusclePharm Corporation, sues nominal defendant MusclePharm and eleven current and former board members and executive officers of MusclePharm, alleging that the individual defendants breached their fiduciary duties to the corporation and its shareholders by filing misleading statements with the SEC. One of the individual defendants removed this case, invoking this court's diversity jurisdiction. Gartner moves to remand, arguing that the forum-defendant rule prevents diversity-based removal because MusclePharm, a Nevada corporation, is a properly joined and served defendant. Because I find that MusclePharm should be realigned as a real-party plaintiff for jurisdiction purposes, its citizenship does not prevent removal. Accordingly, I deny Gartner's remand motion.[1]

**Background**

A.  **Gartner's complaint**

MusclePharm is a Nevada corporation based in Denver, Colorado, that manufactures and markets sports-nutrition products.[2] Shareholder Brian D. Gartner filed this derivative action in a Nevada state court. He sues eleven current and former MusclePharm board members and executive officers for breaching their fiduciary duties to the corporation and its shareholders by "engag[ing] in a series of accounting and disclosure failures that resulted in the Company filing materially false and

---

[1] I find this matter suitable for disposition without oral argument. L.R. 78-1.

[2] ECF No. 1-1 at ¶¶ 5, 29.

misleading filings with the SEC from 2010 through July 2014"[3]—which allegedly resulted in multiple investigations and $700,000 in civil penalties.[4]  Gartner names MusclePharm as a nominal defendant and "solely in a derivative capacity."[5]  He asserts two state-law claims for breach of fiduciary duties and seeks monetary, declaratory, and injunctive relief.

**B.     Petition for removal**

Defendant and current MusclePharm President Richard Estalella filed a petition of removal invoking this court's diversity jurisdiction.[6]  In the removal petition, Estalella represents that Gartner is a citizen of Kentucky and that all of the individual defendants are citizens of Colorado, where MusclePharm is based.  Estalella admits that MusclePharm is a Nevada corporation, but he contends that, because MusclePharm is named solely as a nominal defendant and its interests are properly aligned with the plaintiff for jurisdiction purposes, the corporation's citizenship does not prevent removal on diversity grounds.[7]  And Estalella represents that the only other two defendants who have been properly served—executive officer Michael J. Doron and board member Cory Gregory—have consented to removal.[8]

**C.     Motion to remand**

Gartner moves to remand, arguing that the forum-defendant rule prevents diversity-based removal of this action because MusclePharm is a Nevada corporation.[9]  Gartner argues that the plain language of § 1441(b)(2) provides that removal is improper because MusclePharm is a properly

---

[3] *Id.* at ¶ 2.

[4] *Id.* at ¶ 3.

[5] *Id.* at ¶ 91.

[6] ECF No. 1 at 2.

[7] *Id.* at 3.

[8] *Id.* at 4.

[9] ECF No. 9.

joined and served defendant and is a citizen of Nevada.[10]  In response to the nominal-defendant argument raised in the removal petition, Gartner argues that, in a derivative action like this one, the corporation is "not merely a nominal party defendant but an indispensable party for the purposes of evaluating diversity jurisdiction."[11]  And because MusclePharm's current management is antagonistic to this lawsuit, it should not be realigned as a plaintiff for jurisdiction purposes.[12]

The individual defendants respond that the forum-defendant rule does not prevent removal because that rule applies only to "real" defendants, not a nominal defendant that is jurisdictionally aligned with the plaintiff.[13]  MusclePharm is not "antagonistic" to this lawsuit, defendants continue, because Gartner is suing and seeking relief on behalf of MusclePharm, and MusclePharm is not currently controlled by the director-and-officer defendants.  Because MusclePharm's current management is not "antagonistic" to this lawsuit, MusclePharm is jurisdictionally aligned with Gartner, so the forum-defendant rule does not apply.[14]

## Discussion

### A.  Removal jurisdiction and the forum-defendant rule

"Federal courts are courts of limited jurisdiction."[15]  Accordingly, there is a strong presumption against removal jurisdiction, and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[16]  The defendant always has the burden of establishing that removal is proper.[17]  A defendant may remove any action brought in state court over

---

[10] *Id.* at 10.

[11] *Id.* at 9.

[12] *Id.* at 13.

[13] ECF No. 10 at 2.

[14] *Id.*

[15] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

[16] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

[17] *Id.*

which the federal district courts have original jurisdiction.  One category of cases over which the district courts have original jurisdiction are "diversity" cases in which (1) there is diversity of citizenship between each plaintiff and each defendant and (2) the amount in controversy exceeds $75,000.[18]

But the forum-defendant rule prevents diversity-based removal if one of the defendants is a citizen of the forum state.[19]  In determining citizenship for purposes of diversity jurisdiction, a court must "look beyond the pleadings" to determine the "nature of the controversy" and realign the parties to ensure an actual "collision of interest."[20]  In other words, the court must arrange the parties according to their actual sides in the dispute.  In derivative actions like this one, the corporation "'is the real party in interest and usually properly aligned as a plaintiff'"[21] unless the "corporation's officers or directors are 'antagonistic'" to the plaintiff-shareholder's interests.[22]  A corporation is generally antagonistic to a shareholder plaintiff when the corporation's "management—for good reasons or for bad—is definitely and distinctly opposed to" the lawsuit.[23]

---

[18] 28 U.S.C. § 1332(a)(1).

[19] 28 U.S.C. § 1441(b).

[20] *See In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1236 (9th Cir. 2008); *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 872–73 (9th Cir. 2000) ("The issue of alignment for purposes of diversity jurisdiction requires a court to look beyond the pleadings to the actual interest of the parties.").

[21] *Digimarc*, 549 F.3d at 1234 (*citing Koster v. (American) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 522–23 (1947)).

[22] *Id.* (internal citations omitted).

[23] *Swanson v. Traer*, 354 U.S. 114, 116 (1957).

### B. MusclePharm is properly aligned with Gartner because its current management is not antagonistic to this lawsuit.

Although the Ninth Circuit has not yet applied the realignment analysis for determining citizenship when applying the forum-defendant rule, I believe that it would do so, and Gartner does not seriously contend otherwise. The question is then whether MusclePharm's management was antagonistic to this lawsuit at the time Gartner filed it. If it was, then realigning MusclePharm as a plaintiff is not proper and the company's citizenship prevents diversity-based removal.

A corporation is generally antagonistic when management "'refuses to take action to undo a business transaction or whenever . . . it so solidly approves [of the transaction] that any demand to rescind would be futile.'"[24] For example, the Ninth Circuit panel in *In re Digimarc Corporation Derivative Litigation* found antagonism despite the absence of a formal demand where the shareholder-plaintiff sued eleven current and former board members "seven of whom remain[ed] on the board and c[ould] fairly be said to control the corporation" and would be "significantly harmed by an adverse judgment," though the panel noted that it was a "close case."[25]

When Gartner filed this suit, the MusclePharm board consisted of seven members: defendants Pyatt, Estalella, and Doron[26]—and four non-parties: Drexler, Bush, Jenkins, and Thompson.[27] In his complaint, Gartner does not allege that he made a formal demand on the board; he alleges that demand would have been futile.[28] Gartner alleges that demand was futile as to Pyatt and Estalella because the lawsuit would expose them to liability and threaten their livelihoods,[29] the pair lacks independence from defendant Doron because he is a member of the compensation

---

[24] *Digimarc*, 549 F.3d at 1235 (citing *Smith v. Sperling*, 354 U.S. 91, 95–96 n.3 (1957)).

[25] *Id.* at 1237.

[26] Estalella filed the petition for removal, and Pyatt and Doron join him in opposing Gartner's remand motion.

[27] ECF No. 1-1 at ¶ 94.

[28] *Id.* at ¶¶ 90–103.

[29] *Id.* at ¶ 96.

committee that determines their salaries,[30] and Pyatt was specifically found by the SEC to be complicit in the alleged wrongdoing.[31]  Demands on defendants Estalella and Doron would have been futile because both oversaw the alleged wrongdoing and face a substantial likelihood of liability.[32]  According to Gartner, non-party board member Drexler could not impartially consider a demand because he manages Consac, LLC, which owns a 7.4% stake in MusclePharm, making it MusclePharm's largest shareholder.[33]  Finally, Gartner alleges that demands on non–parties Jenkins, Thompson, and Bush would be futile because "their suspiciously timed appointment to the Board following the mass resignation of the Company's former directors raises serious concerns [about] whether these directors are puppets of Company management, namely defendants Pyatt and Estalella, who handpicked them."[34]

I find that these allegations are insufficient to show that the controlling members of MusclePharm were antagonistic to Gartner at the time Gartner filed this lawsuit.  Like the shareholder-plaintiff in *Digimarc*, Gartner does not allege that he made a formal demand to the MusclePharm board.[35]  But unlike in *Digimarc*, only three of the eleven individual board member defendants remain on the board and, as a board minority, they cannot fairly be said to control the corporation.  The remaining four board members are not parties to this lawsuit and were not in control of MusclePharm at the time the alleged malfeasance took place.  As the panel noted in

---

[30] *Id.* at ¶ 97.

[31] *Id.* at ¶ 98.

[32] *Id.* at ¶ 99.

[33] *Id.* at ¶ 100.

[34] *Id.* at ¶ 102.  Gartner also alleges that one of the corporation's largest shareholders sent the board a letter accusing the board "of approving improper bylaws that unfairly entrenched management to the detriment of the Company and its shareholders" and demanding "a full explanation surrounding the mass resignation and replacement of the three purported 'independent' directors" of MusclePharm. *Id.* at ¶ 86.

[35] *Digimarc*, 549 F.3d at 1237 (noting that "several courts have considered the absence of a demand letter persuasive in finding no antagonism" and collecting cases).

*Digimarc*, courts generally abstain from finding antagonism when the corporation is no longer controlled by the directors and officers named in the complaint, and I do so here.[36] Because I find that MusclePharm is properly aligned as a plaintiff in this derivative action, its citizenship does not prevent removal under the forum-defendant rule. So I deny Gartner's motion to remand.

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Gartner's motion to remand **[ECF No. 9] is DENIED.**

Dated this 29th day of November, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[36] *Id.* (collecting cases).